UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES PLAISANCE                                CIVIL ACTION

VERSUS                                           NUMBER: 06-3209
                                                         c/w 07-3751

LA. DEPARTMENT OF CORRECTIONS                    SECTION: "K"(5)
STATE OF LOUISIANA

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court are the consolidated applications for habeas corpus relief of petitioner, Charles Plaisance, the response filed by the State in the lower-numbered of these two actions, and petitioner's traverse to that response. (Rec. docs. 3, 13, and 14 in 06-CV-3029; rec. doc. 1 in 07-CV-3751). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Plaisance's consolidated habeas petitions be dismissed with prejudice.

Petitioner Plaisance is a state prisoner who is presently incarcerated at the LaSalle Correctional Center, Olla, Louisiana. On April 29, 2004, pursuant to a plea agreement with the State, Plaisance pled guilty to one count of possession with the intent to

distribute cocaine in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, and was thereupon sentenced to fifteen years at hard labor, the first two years of which were to be served without benefit of parole, probation, or suspension of sentence, and with said sentence to run concurrently with another sentence Plaisance was serving following a parole revocation.

In furtherance of the plea agreement, the State then sought to enhance Plaisance's sentence under LSA-R.S. 15:529.1 and to punish him as a second felony offender rather than as a third felony offender as petitioner's past criminal record would have allowed. Just like he had done on the original cocaine possession count, Plaisance pled guilty to the recidivism charge whereupon his original fifteen year sentence was vacated and he was resentenced to a term of like length under R.S. 15:529.1, that fifteen year sentence being the minimum (and one-fourth of the maximum) allowable under the habitual offender statute.  Plaisance did not directly appeal his conviction which thus became final thirty days later, or May 31, 2004, when the time prescribed by LSA-C.Cr.P. Art. 914(B)(1) expired and no motion for appeal was made.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final when the time for seeking further review in the state courts expires).

Thereafter, on April 19, 2005, some three hundred twenty-two

days after his conviction had become final, Plaisance deposited in the mail a motion to reconsider sentence that was formally filed in the trial court on May 6, 2005.  (St. ct. rec., tabs 5, 6).  That motion was denied on May 11, 2005.  (St. ct. rec., tab 4).  The ruling of the trial court on Plaisance's motion to reconsider sentence became final thirty days later, or June 11, 2005, when the appeal period prescribed by Article 914(B)(2) expired and no motion therefor was made.  On April 18, 2006, three hundred eleven days later, Plaisance signed a post-conviction relief application ("PCRA") that was formally filed on April 26, 2006 and was denied on May 16, 2006.  (St. ct. rec., tabs 7, 8).  A recitation of the remainder of Plaisance's state court proceedings is unnecessary to resolve the matters at hand.

   Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996), state prisoners like Plaisance now have one year from the date that their convictions become final to timely seek federal habeas corpus relief.  Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d

3

326, 328-29 (5th Cir. 1999).

As noted above, Plaisance's conviction became final on May 31, 2004 when he failed to appeal it to the Louisiana Fifth Circuit Court of Appeal within the thirty days allowed by Article 914(B)(1). At that point, one-year limitation period set forth in §2244(d) began to run and was tolled three hundred twenty-two days later when Plaisance deposited his motion to reconsider sentence in the prison mail system to be sent to the trial court. Thereafter, the limitation period remained tolled until the trial court denied Plaisance's motion on May 11, 2005 and the appeal delays on that ruling expired on June 11, 2005. At that point, the §2244(d) limitation period began running again and had long since expired when Plaisance signed his PCRA three hundred eleven days later on April 18, 2006. Although Plaisance had, in the interim, litigated his entitlement to free copies of various documents generated in his criminal case, those matters do not qualify as "... application[s] for State post-conviction or other collateral review ..." so as to toll the limitations period under §2244(d)(2) because they are preliminary in nature and do not directly call into question the validity of petitioner's conviction or sentence. <u>Boyd v. Ward</u>, No. 01-CV-493, 2001 WL 533221 at *4 (E.D. La. 2001); <u>Brisbon v. Cain</u>, No. 99-CV-3078, 2000 WL 45872 at *2 (E.D. La. 2000). Moreover, insofar as the claims advanced by Plaisance concern alleged irregularities in state court proceedings at which

he was present or involve entirely legal arguments, the records which he sought were simply not needed to pursue post-conviction relief from the state courts.  See Brown v. Cain, 112 F.Supp.2d 585, 587 (E.D. La.), aff'd, 239 F.3d 365 (5th Cir. 2000). Plaisance's petitions are thus untimely under §2244(d) and should be dismissed as such.

Alternatively, even if Plaisance's habeas petitions were not time-barred and the Court were free to review his claims on the merits, it would still recommend that relief be denied.  Prior to trial, Plaisance's counsel filed a motion to suppress the evidence seized at the time of petitioner's arrest which was heard and denied by the trial court on March 30, 2004.  (St. ct. rec., tab 9).  Over the month that followed, Plaisance's counsel negotiated an imminently beneficial plea agreement on his client's behalf in which petitioner would be double billed rather than triple billed and would receive a prison term of fifteen years, the minimum allowed by statute.  Pursuant to that plea agreement, Plaisance was brought before the trial court which methodically questioned him at length regarding his understanding of the maximum sentence he faced, the terms of the plea agreement, and the various constitutional rights that he would be waiving upon entry of his plea. (St. ct. rec., tab 3). Under oath, Plaisance acknowledged an understanding of those rights. Such sworn and solemn declarations in open court carry a strong presumption of verity.  Blackledge v.

Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977); Moya v. Smith, 696 F.2d 329, 332 (5th Cir. 1983).  In connection with his guilty plea, Plaisance also executed two forms in which he again acknowledged an understanding of his rights, the maximum terms of imprisonment he faced, and the sentences that were actually imposed.  Official state court records like the waiver of rights forms are entitled to a presumption of regularity and are accorded great weight in a federal habeas proceeding.  Carter v. Collins, 918 F.2d 1198, 1202-03 n. 4 (5th Cir. 1990); Bonvillain v. Blackburn, 780 F.2d 1248, 1252 (5th Cir.), cert. denied, 476 U.S. 1143, 106 S.Ct. 2253 (1986). A defendant who is aware of the maximum term of imprisonment he faces is aware of the consequences of his plea, thus rendering it valid for constitutional purposes.  Hobbs v. Blackburn, 752 F.2d 1079, 1082 (5th Cir.), cert. denied, 474 U.S. 838, 106 S.Ct. 117 (1985).  Plaisance's valid guilty plea waived all non-jurisdictional defects preceding the plea, including any Fourth Amendment claims.  Grabowski v. Jackson County Public Defenders Office, 47 F.3d 1386, 1390 (5th Cir. 1995).  And considering the fact that the terms of the plea agreement negotiated by Plaisance's counsel called for the minimum sentence allowed by law, there is no reasonable probability that petitioner would have rejected the agreement and insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the consolidated habeas petitions of Charles Plaisance be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United States Auto Assoc.</u>, 79 F. 3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  2nd  day of _____August_____, 2007.

*[signature: Alma L. Chasez]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE