UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES PLAISANCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-3209 c/w**<br>**07-3751** |
| **LOUISIANA DEPARTMENT OF<br>CORRECTIONS STATE OF LOUISIANA** | **SECTION: "K" (5)** |

### *ORDER AND OPINION*

Before the Court is a letter from petitioner Charles Plaisance[1] challenging the Court's October 15, 2007 order (Doc. 20) dismissing as time-barred his claims for post-conviction relief pursuant to 28 U.S.C. §2254.[2] Construing petitioner's letter as a motion for new trial, the Court denies the motion.

Petitioner asserts that his claims should not be time-barred because he did not receive the "necessary transcripts and paperwork to properly file a habeas until Jan. of 2006" and because he was not informed of the one year period within which to timely file a federal *habeas* claim. There is no requirement that state prisoners be advised of the one year limitation period mandated by 28 U.S.C. §2244(d)(1). *See Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000).

Nor does the delay in providing Mr. Plaisance with the state record materials he requested warrant applying the doctrine of equitable tolling of the §2244(d)(1) limitation period. The one year limitation of §2244 can be equitably tolled in exceptional circumstances. *Davis v. Johnson*, 158

---

[1] Mr. Plaisance's letter is attached hereto as Exhibit !.

[2] The Court also adopted the magistrate Judge's alternative recommendation, i.e., that he claims be denied on the merits (Doc. 20). Mr. Plaisance does not challenge the dismissal of the claims on the merits.

F.3d 806, 810 (5th Cir. 1998).  Petitioner seeks to vacate his conviction contending that the state obtained evidence used against him as the result of an unconstitutional search and seizure.  Petitioner appeared at the hearing on the motion to suppress the evidence obtained during the challenged search.  Receipt of a transcript of the evidentiary hearing was not a prerequisite to filing a *habeas* claim.  This case does not present the exceptional circumstances necessary to apply the doctrine of equitable tolling.  Accordingly, the motion for new trial is DENIED.

New Orleans, Louisiana, this 7th day of November, 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE